**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **TERRANCE GARCIA,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | )    CIV-06-961-R |
| | ) |
| **MICHAEL J. ASTRUE,** | ) |
| | ) |
|     **Defendant.** | ) |

**O R D E R**

    Before the Court are the Findings and Recommendation of United States Magistrate Judge Shon T. Erwin [Doc. No. 20] and Plaintiff's Objections to the Findings and Recommendations of the Magistrate [Doc. No. 21]. Pursuant to 28 U.S.C. § 636(b)(1)(B), the Court reviews the Findings and Recommendation of the Magistrate Judge *de novo* in light of Plaintiff's Objections. Plaintiff makes two objections to the Findings and Recommendation of the Magistrate Judge. First he asserts that both the ALJ and the Magistrate Judge erred in formulating Plaintiff's residual functional capacity (RFC) because the RFC failed to include all of Plaintiff's limitations. In this regard, Plaintiff asserts that the ALJ failed to properly consider the opinions of treating physicians and the entire record and the ALJ drew medical conclusions about the severity of Plaintiff's conditions even though he is not a medical doctor. Moreover, he points out that the ALJ found that Plaintiff suffered from the severe impairment of carpal tunnel syndrome but then included no functional limitations in Plaintiff's RFC which relate to that severe impairment. Plaintiff maintains that the ALJ should have included further restrictions on Plaintiff's ability to finger, handle, lift

and/or carry due to ongoing issues with Plaintiffs upper and lower back and his ongoing carpal tunnel syndrome.  Secondly, Plaintiff asserts that the ALJ did not properly evaluate Plaintiff's subjective allegations of his impairments and, in particular, his pain, considering the record as a whole and Tenth Circuit authority.  Plaintiff states that the Magistrate Judge's conclusion that the ALJ's analysis was adequate based upon the Magistrate's finding that no physician record notes the existence of pain at a level consistent with the Plaintiff's testimony does not comport with Tenth Circuit requirements for credibility analyses.  The ALJ was required to "closely and affirmatively" link his credibility findings to substantial evidence, Plaintiff states, *citing Hardman v. Barnhart*, 362 F.3d 676, 678 (10th Cir. 2004) (*citing Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995)).

Upon careful review of the ALJ's decision and the Findings and Recommendation of the Magistrate Judge, the Court agrees with Plaintiff that the ALJ either erred in formulating Plaintiff's residual functional capacity in failing to include any limitations relating to the use of Plaintiff's hands in light of the ALJ's finding that Plaintiff's carpal tunnel syndrome was a severe impairment, *see* A.R. at 20, or the ALJ failed to explain why the severe impairment of carpal tunnel syndrome resulted in no functional limitations.  Additionally, the Court concludes that the ALJ's credibility analysis of Plaintiff's complaints of disabling pain and limitations is inadequate.  After finding that Plaintiff's medically determinable impairments could reasonably be expected to produce the symptoms alleged by Plaintiff, the ALJ found that "the claimant's statements concerning the intensity, duration and limiting effects of these symptoms are not entirely credible." A.R. at p. 21.  However, it appears that the ALJ failed

to consider most of the factors to be considered by an ALJ in assessing the credibility of a claimant's complaints.  *See* 20 C.F.R. § 404, 1529; 20 C.F.R. § 416.929; SSR 96-7p, 1996 WL 374186 (July 2, 1996); *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995); *Hargis v. Sullivan*, 945 F.2d 1482, 1488 (10th Cir. 1991); *Luna v. Bowen*, 834 F.2d 161, 165-66 (10th Cir. 1987).  In that regard, the ALJ failed to discuss significantly probative evidence supporting Plaintiff's allegations on which he chose not to rely.  *See Hardman v. Barnhart*, 362 F.3d 676, 680-81 (10th Cir. 2004); *Winfrey v. Chater*, 92 F.3d 1017, 1021 (10th Cir. 1996); *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996).  A fortiori, the ALJ did not give "specific reasons" for his credibility finding, "closely and affirmatively" linking his finding as to the Plaintiff's credibility to substantial evidence in the record pertaining to the factors relevant to a credibility assessment.  *See Hardman v. Barnhart*, 362 F.3d 676, 678-79 (10th Cir. 2004) (quoting SSR 96-7p, 1996 WL 374186 at *4 and *Kepler v. Chater*, 68 F.3d at 391.  Because the ALJ did not comply with the applicable legal standards, did not discuss evidence in the record relevant to the pertinent factors, and failed to closely and affirmatively link his credibility finding to the evidence, the Court REJECTS the Findings and Recommendation of the Magistrate Judge [Doc. No. 20] and REMANDS this case to the Commissioner for further proceedings before the ALJ in accordance with this Order.

**It is so ordered this 29th day of August, 2007.**

*/s/ David L. Russell*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE